SEDGWICK LLP
JAMES P. DIWIK (Bar No. 164016; james.diwik@sdma.com)
JOEL M. LONG (Bar No. 226061; joel.long@sdma.com)
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Plaintiff
First National Insurance Company of America

LAW OFFICES OF CLINTON A. JOHNSON
CLINTON A. JOHNSON (Bar No. 57407; clintonjohnson@aol.com)
The Leamington, Suite 506
1814 Franklin Street
Oakland, California 94612
Telephone:  (510) 273-8886
Facsimile:  (510) 836-2307

Attorneys for Defendants
Ross Keith Dorsa and Katherine Ann Dorsa,
Individually and as Trustees of The
Dorsa Family Revocable Trust, Est. April 4, 2005

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HSR GENERAL ENGINEERING CONTRACTORS, INC. doing business as HSR, INC., et al.,<br><br>Defendants. | CASE NO. 5:10-cv-03879-PVT<br><br>**FOURTH JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 17, 2011<br>Time: 10:30 a.m.<br>Judge: Hon. Jeremy Fogel<br>Location: Courtroom 3, 5th Floor, San Jose |

Plaintiff First National Insurance Company of America ("First National") and defendants Ross Keith Dorsa and Katherine Ann Dorsa, individually and as trustees of The Dorsa Family Revocable Trust, Established April 4, 2005 (collectively, the "Dorsas"), pursuant to Civil Local Rule 16-9(d), submit their fourth joint case management statement in advance of the case management conference scheduled for June 17, 2011.

1  In prior case management statements, the parties provided their respective positions
2  regarding case management issues.  As previously reported, the parties have attempted informal
3  settlement discussions, which were not successful.  On May 20, 2011, the parties participated in a
4  mandatory settlement conference with Magistrate Judge Paul S. Grewal, which also was not
5  successful.

6  <u>First National's Position</u>

7  Having now satisfied the applicable ADR requirements, First National does not believe
8  that a further settlement conference would be fruitful and is ready to move foreword with the
9  litigation.  In light of the fact that no discovery has been conducted to date due to the parties'
10 focus on settlement efforts, First National requests a trial date sometime in the first quarter of
11 2012, with the deadline to complete all discovery approximately 90 days before the trial date, the
12 deadline to file all motions approximately 60 days before the trial date, and the pretrial
13 conference set for approximately 14 days before the trial date.

14 <u>Dorsas' Position</u>

15 **Let the Bankruptcy Court handle this Dispute.**  As pointed out in the last Case
16 Management Conference Statement jointly submitted by the parties, and as acknowledged by the
17 Court at the Conference, the primary focus of the litigation involving the Surety has been in the
18 Bankruptcy Court and specifically the Adversary Proceedings (operative Complaint submitted
19 last time so not attached again). In that venue, HSR is suing the Surety for peremptorily stopping
20 the flow of all construction funds in violation of the Automatic Stay when it filed Stop Notices
21 on virtually all of the HSR public jobs. Upcoming in that proceeding will be the following:

22  1. An effort by the Surety in Motions to secure all public funds on all projects completed
23 by HSR but not paid by the public works owners due to the Stop Notice from the Surety. Several hundred thousand dollars of money is in dispute in those proceedings.

24  2. A motion for summary judgment may well be filed by HSR for there is no factual
25 dispute regarding the lack of a legal right by the Surety in funds not necessary to pay subcontractor lien claimants on each separate job.  Again, the amount due HSR on the several
26 jobs is in the range of several hundred thousand dollars.

27  3. A trial, to be set in September following the foregoing where the Adversary Proceeding
28 against the Surety by HSR will be tried, where it belongs. In that Bankruptcy Court trial the

issues regarding whether the imperious conduct of the Surety in shutting off all earned funds to HSR in violation of the Automatic Stay caused HSR's financial ruin.

4. Also pending in the Bankruptcy Court are complex job-by-job issues regarding claims against public owners for Change Order funds.  One particular Claim on the Presidio, a federal job, involves both affirmative claims for unpaid Progress Billings and Termination for Convenience (TforC) Damages plus compensation from HSR's insurer for questionable backcharges from the federal government sought to offset Progress Payments and TforC damages.

None of the foregoing issues/disputes properly belong in this Federal Action but their outcome will determine whether there is anything to litigate between the Dorsas, as guarantors, and the Surety.

**Dorsas verified Financial Statement to be voluntarily Provided to Surety**.  Early next week, and before the CMC, flowing out of the settlement discussions with the Surety, the Dorsas will supply a verified personal financial statement which demonstrates a lack of personal assets and ability to satisfy the claims of the Surety.  Little will be gained by expending this Court's time, or the expenditure of the parties' money on lawyers in this Action, for all of the "action" will proceed and be decided in the Bankruptcy Court where it belongs.

**Hold this Federal Action in Abeyance pending the Bankruptcy Trial**.  Accordingly, the Dorsas respectfully request that this Court put this matter in abeyance until the real issues in dispute are determined in the Bankruptcy Court. No purpose will be served by permitting the Surety to conduct discovery the cost of which could push the Dorsas into bankruptcy without giving HSR the opportunity to have their issues heard in the Bankruptcy Court before that occurs. Dorsas contend this result is not only dictated by the practical concerns highlighted above but are required by California Civil Code section 2845 which requires that a creditor like the Surety

exhaust its remedies against the primary obligor before attacking the individual guarantors like the Dorsas. See *e.g.* <u>Moffit v. Miller</u> 119 Cal. App. 2d 712, 713 (1953)

DATED: June 10, 2011      SEDGWICK LLP

By: /s/ Joel M. Long
    Joel M. Long
    Attorneys for Plaintiff
    First National Insurance Company of America

DATED: June 10, 2011      LAW OFFICES OF CLINTON A. JOHNSON

By: /s/ Clinton A. Johnson
    Clinton A. Johnson
    Attorneys for Defendants Ross Keith Dorsa and
    Katherine Ann Dorsa, Individually and as Trustees for
    The Dorsa Family Revocable Trust, Est. April 4, 2005