SEDGWICK LLP
JAMES P. DIWIK (Bar No. 164016; james.diwik@sdma.com)
JOEL M. LONG (Bar No. 226061; joel.long@sdma.com)
333 Bush Street, 30th Floor
San Francisco, California 94104
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Plaintiff
First National Insurance Company of America

LAW OFFICES OF CLINTON A. JOHNSON
CLINTON A. JOHNSON (Bar No. 57407; clintonjohnson@aol.com)
The Leamington, Suite 506
1814 Franklin Street
Oakland, California 94612
Telephone:  (510) 273-8886
Facsimile:  (510) 836-2307

Attorneys for Defendants
Ross Keith Dorsa and Katherine Ann Dorsa,
Individually and as Trustees of The
Dorsa Family Revocable Trust, Est. April 4, 2005

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HSR GENERAL ENGINEERING CONTRACTORS, INC. doing business as HSR, INC., et al.,<br><br>Defendants. | CASE NO. 5:10-cv-03879-PVT<br><br>**FIFTH JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:      December 8, 2011<br>Time:     10:00 a.m.<br>Judge:    Hon. Richard Seeborg<br>Location: San Francisco Courthouse<br>                Courtroom 3 – 17th Floor |

Plaintiff First National Insurance Company of America ("First National") and defendants Ross Keith Dorsa and Katherine Ann Dorsa, individually and as trustees of The Dorsa Family Revocable Trust, Established April 4, 2005 (collectively, the "Dorsas"), pursuant to Civil Local Rule 16-9(d), submit their fifth joint case management statement in advance of the case management conference scheduled for December 8, 2011.

SF/2635828v2                                                                             -1-
                                            FIFTH JOINT CASE MANAGEMENT STATEMENT

1       In prior case management statements, the parties provided their respective positions
2  regarding case management issues.  Further, as previously reported, the parties have attempted
3  informal settlement discussions, which were not successful.  On May 20, 2011, the parties
4  participated in a mandatory settlement conference with Magistrate Judge Paul S. Grewal, which
5  also was not successful.

6       First National intends to file a motion for summary judgment before the December 8,
7  2011 case management conference, which motion will be scheduled for a hearing in January
8  2012 (likely January 12).  In the event that this motion does not dispose of the case in its entirety,
9  First National respectfully requests that the Court establish a fact discovery cutoff in the
10 April/May 2012 timeframe, an expert discovery cutoff 30 days thereafter, and a trial date 60-90
11 days thereafter.

12      The Dorsas contend that a review of prior case management conference statements and
13 the multiple continuances of these conferences indicates there is another matter, pending in the
14 bankruptcy court, where the Dorsas' construction company HSR is proceeding in a Chapter 11
15 bankruptcy, Case No. 10-58737, which will potentially have a dispositive role to play in this
16 matter. In an Adversary Proceeding in that bankruptcy, Adversary No. 10-05309, HSR has
17 repeatedly stated that it plans to file a summary judgment which could well dispose of most
18 issues raised in this action against the Dorsas.

19      Through the use of various procedural motions, most recently a motion to compel further
20 discovery and another to convert the Chapter 11 to a Chapter 7 proceeding, the Surety has
21 interfered with the ability of HSR to get that summary judgment motion on file.  These two
22 motions are now set for the middle of January, delaying until at least then the time the making of
23 the HSR Motion for Summary Judgment originally planned to be filed last September.

24      The Dorsas also believe that the proffered schedule by the Surety is overly aggressive for
25 no discovery has yet taken place due to a concurrent Chapter 11 Proceeding and the Adversary
26 Proceeding going forward.  Please see the Fourth CMC Stmt. along with the multiple pleadings
27 from the bankruptcy proceeding that were attached.

28

1  The Dorsas therefore suggest that this matter be held in abeyance and all the dates be
2  pushed out at least 6 months to permit the HSR Motion for Summary Judgment to be heard in the
3  Adversary Proceeding.
4  First National disagrees with both the relevance and the accuracy of the Dorsas'
5  characterization of the HSR bankruptcy and will be prepared to discuss any questions the Court
6  has in that regard at the December 8, 2011 case management conference.

7  DATED:  December 2, 2011          SEDGWICK LLP

8                                                         By: /s/ Joel M. Long
                                                               Joel M. Long
9                                                              Attorneys for Plaintiff
                                                               First National Insurance Company of America
10

11  DATED:  December 2, 2011          LAW OFFICES OF CLINTON A. JOHNSON

12                                                         By: /s/ Clinton A. Johnson
                                                               Clinton A. Johnson
13                                                             Attorneys for Defendants Ross Keith Dorsa and
                                                               Katherine Ann Dorsa, Individually and as Trustees for
14                                                             The Dorsa Family Revocable Trust, Est. April 4, 2005

15

16

17

18

19

20

21

22

23

24

25

26

27

28